IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 64,139-01






EX PARTE MICAH LEANDER DICKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. W02-23804-N(A)

IN THE 195TH DISTRICT COURT OF DALLAS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of cocaine between four and two hundred grams with intent to
deliver, and punishment was assessed at twenty-five years' confinement. Applicant's
conviction was affirmed on appeal. Dickson v. State, No. 05-04-00461-CR (Tex. App.
--Dallas, delivered January 5, 2005, no pet.).

 Applicant contends, inter alia, that he received ineffective assistance of counsel. 
Specifically, Applicant asserts that trial counsel failed to advise Applicant that he was
statutorily ineligible for probation and that the plea agreement did not bind the prosecutor as
to the issue of probation. Applicant also asserts trial counsel failed to advise Applicant to
withdraw his plea following the rejection of the plea agreement.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an
affidavit from trial counsel, Phillip Layer, or it may order a hearing. In the appropriate case
the trial court may also rely on its personal recollection. The trial court shall also forward
the indictment and any records regarding Applicant's guilty plea and the admonishments
given prior to the acceptance of the plea.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether trial counsel erroneously advised Applicant regarding the availability of
probation, the plea agreement with the State, and withdrawal of Applicant's plea. The trial
court shall also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 3rd DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.